IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUINN AARON KLEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-637-HE |
| ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Mr. Quinn Aaron Klein has sued under 42 U.S.C. § 1983, claiming that the State of Oklahoma and its governor have deprived gays and lesbians of equal protection by prohibiting same sex marriage, civil unions, hospital visitation rights, insurance, and benefits. The action is subject to summary dismissal because the State enjoys immunity under the Eleventh Amendment and Mr. Klein lacks standing to prosecute the claim against the Oklahoma governor.

<u>Claims Against the State of Oklahoma</u>

One of the two defendants is the State of Oklahoma. For the claims against the State, the Court may *sua sponte* inquire whether the Eleventh Amendment would prevent jurisdiction.[1] The Court should undertake that inquiry here and conclude that jurisdiction is

---

[1]    *See United States v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) ("a court may raise the issue of Eleventh-Amendment immunity sua sponte but, unlike subject-matter jurisdiction, it is not obligated to do so" (citations omitted)).

absent under the Eleventh Amendment. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).[2] As a result, the claims against the State should be summarily dismissed based on Eleventh Amendment immunity.

Claims Against the Governor

The Governor of Oklahoma has also been named as a defendant. These claims are also subject to dismissal because Mr. Klein lacks standing.

I.   *Sua Sponte* Consideration of Standing

The requirement of standing stems from Article III of the federal constitution and prudential considerations articulated by the courts. *See Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450-51 (10th Cir. 1994). Even when the parties do not challenge satisfaction of the constitutional or prudential standing requirements,[3] the Court must address the issue *sua sponte*.[4]

---

[2]   An exception exists when Eleventh Amendment immunity is waived by the State or abrogated by Congress. *See Estes v. Wyoming Department of Transportation*, 302 F.3d 1200, 1203 (10th Cir. 2002). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2011) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979).

[3]   *See infra* p. 3.

[4]   *See Dias v. City and County of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009) (obligation to *sua sponte* raise the constitutional elements for standing); *Adams v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) (obligation to *sua sponte* raise prudential standing requirements).

II.     The Relevant Constitutional and Prudential Requirements

For subject-matter jurisdiction, the Plaintiff must allege facts that would satisfy the constitutional elements of standing. *See In re Aramark Leisure Services*, 523 F.3d 1169, 1173 (10th Cir. 2008). One such element is an "injury in fact," which is "concrete and particularized" and "'actual or imminent.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). Even if the Plaintiff were to satisfy this element, constitutional standing would exist only if a favorable decree would be likely to provide redress for the injury. *See Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450 (10th Cir. 1994). But satisfaction of these elements would not end the inquiry, as the federal common law would still prevent standing if the plaintiff were to base the claim on the legal rights of others.[5]

III.    Injury in Fact and the Inability to Litigate on Behalf of Others' Rights

For the claims against the Oklahoma governor, Mr. Klein lacks constitutional standing because he has not experienced an injury in fact. Without claiming such an injury, Mr. Klein is prosecuting the suit on behalf of others who are unable to enjoy the legal benefits of marriage. Mr. Klein lacks standing to prosecute the action for this purpose.

Mr. Klein alleges discrimination of gays and lesbians regarding civil unions, the right to marry, visitation privileges, and the availability of insurance. But, Mr. Klein has not alleged that he is gay or has ever experienced discrimination regarding the right to participate

---

[5]     *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that one of the prudential restrictions on standing is the inability to rest a claim on the legal rights or interests of third parties).

in a civil union, marriage, visitation of a partner, or acquisition of insurance. In these circumstances, Mr. Klein has not alleged any facts that would suggest an injury in fact.

Even if he had suffered a cognizable injury, he would not satisfy the prudential requirements because he is seeking to litigate on behalf of others. The Plaintiff's statement of the factual background, articulation of the two causes of action, and prayer for relief are directed toward the protection of all homosexuals and lesbians. But as noted above, federal common law prevents the Plaintiff from bringing suit to protect the legal rights of third parties. *See supra* p. 3 & note 5. Thus, the Plaintiff could not satisfy the prudential limitations on standing even if he had experienced an injury in fact.

The absence of an injury in fact and Mr. Klein's express effort to litigate on behalf of third parties would independently require dismissal for lack of standing.

IV.  <u>Redressability</u>

Even without these barriers to standing, Mr. Klein would not be able to satisfy the element of redressability. *See supra* p. 3.

As noted above, the federal constitution requires the Plaintiff to show that a favorable decree would be likely to redress the alleged injury. *See supra* p. 3. A favorable decree against the Oklahoma governor would be unlikely to remedy any conceivable injury to Mr. Klein.

Mr. Klein identifies the governor as the "Chief [sic] of State of Oklahoma." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 1 (June 5, 2012). But the governor has

no statutory authority to override the Oklahoma Constitution or the United States Code and allow Mr. Klein to enjoy benefits that are expressly prohibited.

The Oklahoma Constitution provides:

A. Marriage in this state shall consist only of the union of one man and one woman. Neither this Constitution nor any other provision of law shall be construed to require that marital status or the legal incidents thereof be conferred upon unmarried couples or groups.

B. A marriage between persons of the same gender performed in another state shall not be recognized as valid and binding in this state as of the date of the marriage.

Okla. Const. art. 2, § 35.

Similarly, federal law defines "'marriage'" as a "legal union" between a man and woman and relieves the states of any arguable duty to recognize marriages taking place elsewhere between persons of the same gender. Defense of Marriage Act, 1 U.S.C. § 7, 28 U.S.C. § 1738C (2006).

The Oklahoma governor is vested with "[s]upreme [e]xecutive power" in the state. Okla. Const. art. 6, § 2. In this capacity, the governor is obliged to require faithful execution of the state's laws. Okla. Const. art. 6, § 8. But the governor has no constitutional or statutory authority to abrogate the state or federal prohibition against homosexual marriage. Thus, a favorable decree for Mr. Klein would be unlikely to provide any meaningful redress even if he were able to show a constitutional violation.[6]

---

[6] *See Okpalobi v. Foster*, 244 F.3d 405, 409-10, 426-28 (5th Cir. 2001) (*en banc*) (holding that the plaintiffs lacked standing because the governor lacked power to redress the alleged injuries involving constitutional infirmities of a state statute).

In *Bishop v. Oklahoma*, 333 Fed. Appx. 361 (10th Cir. June 5, 2009) (unpublished op.), the Tenth Circuit Court of Appeals applied the standing requirements in an action against the Oklahoma governor to challenge the state's prohibition against homosexual marriage. *Bishop v.* Oklahoma, 333 Fed. Appx. at 362. The appeals court held that the plaintiffs could not satisfy the redressability element because the governor's duties would not subject her to suit challenging the state constitution. *Id.* at 365. The court explained:

> [The plaintiffs' claims challenging the validity of the state constitutional prohibition on same-sex marriage] are simply not connected to the duties of . . . the Governor. Marriage licenses are issued, fees collected, and the licenses recorded by the district court clerks. "[A] district court clerk is 'judicial personnel' and is an arm of the court whose duties are ministerial, except for those discretionary duties provided by statute. In the performance of [a] clerk's ministerial functions, the court clerk is subject to the control of the Supreme Court and the supervisory control that it has passed down to the Administrative District Judge in the clerk's administrative district." Because recognition of marriages is within the administration of the judiciary, the executive branch of Oklahoma's government has no authority to issue a marriage license or record a marriage.

*Id.* (citations omitted).

*Bishop* is persuasive in light of the similarity in facts and the strength of the court's reasoning. Under the Oklahoma constitution, the governor has no power to abrogate the unfavorable treatment of same-sex marriage in the state constitution or federal law. Thus, as the *Bishop* court explained, a favorable judgment for the plaintiff would be unlikely to provide any meaningful redress. In these circumstances, the Plaintiff lacks standing to sue the Oklahoma governor in part because of the failure to satisfy the element of redressability.

## Notice of the Right to Object

The Plaintiff can object to this report by filing an objection with the Clerk of this Court by July 16, 2012.  *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.).  The failure to timely object would foreclose appellate review of the recommended ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Status of the Referral

The referral has been discharged.

Entered this 29th day of June, 2012.

/s/ Robert E. Bacharach
Robert E. Bacharach
United States Magistrate Judge