# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUINN AARON KLEIN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CIV-12-0637-HE |
| ) | |
| MARY FALLIN, ET AL. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Quinn Klein, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this civil rights action under 42 U.S.C. § 1983 against defendants Governor Mary Fallin and the State of Oklahoma. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach. Judge Bacharach has recommended that plaintiff's claims be dismissed. Plaintiff has filed an objection to the report and recommendation and a motion to dismiss without prejudice or costs. After conducting a de novo review of the issues to which plaintiff has objected, the court agrees with the magistrate judge and concludes that plaintiff's claims should be dismissed. Additionally, plaintiff's motion to dismiss without prejudice or costs will be denied.

Plaintiff claims the defendants have discriminated against homosexuals in violation of the equal protection clause by prohibiting same-sex marriage and denying same-sex couples other rights, benefits, or privileges. The Eleventh Amendment bars plaintiff's claim against the State of Oklahoma itself. *See* Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227-28 (10th Cir. 2010). Additionally, plaintiff lacks standing to pursue his claim against Governor Fallin. Article III requires that, in order to bring suit in federal court,

a plaintiff must have suffered an injury in fact which is fairly traceable to the defendant's alleged conduct and which is likely to be redressed by a favorable decision. Turner v. McGee, 681 F.3d 1215, 1219 (10th Cir. 2012) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Plaintiff has not alleged that he has personally been denied a marriage license or other right and, therefore, he has not suffered an injury in fact. Even if he had, any injury is not likely to be redressed by enjoining the governor, the remedy plaintiff seeks here. See Bishop v. Oklahoma, 333 Fed. Appx. 361, 364-65 (10th Cir. 2009) (unpublished opinion).

Also pending before the court is plaintiff's motion to dismiss this action without prejudice or costs. Plaintiff is apparently attempting to circumvent the Prison Litigation Reform Act, which requires all prisoners, even those proceeding *in forma pauperis*, to pay the full filing fee. See 28 U.S.C. § 1915(b). In his order granting plaintiff *ifp* status, the magistrate judge advised plaintiff that he would be required to pay the filing fee in full regardless of the disposition of the case. See Order, June 8, 2012, at 2 [Doc. #5]. Plaintiff cannot now escape his obligation to pay the full filing fee by voluntarily dismissing his claims.

The Report and Recommendation [Doc. #8] is **ADOPTED** and plaintiff's claims are **DISMISSED**. Additionally, plaintiff's motion to dismiss without prejudice or costs [Doc. #9] is **DENIED**. A separate judgment will be entered contemporaneously with this order. Fed. R. Civ. P. 58(a).

**IT IS SO ORDERED**.

Dated this 21st day of August, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE